**In re William REARDON, Jr., Debtor.**

**William Reardon, Jr., Appellant,**

**v.**

**Hahn Yalena Corporation and UGI Utilities, Inc.**

**No. 01–1608.**

United States District Court, E.D. Pennsylvania.

April 30, 2001.

Mark Andrew Cronin, Cronin and Scardino, Fort Washington, PA, for William H. Reardon, Jr., Debtor.

Peter A. Callahan, Law Offices of J. Mark Pecci, II, Philadelphia, PA, for Hahn Yalena Corp., UGI Utilities, Inc., Defendants.

### MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On November 20, 2000, the debtor in this bankruptcy appeal filed a complaint in the Court of Common Pleas of Philadelphia County alleging a slip and fall injury against defendants Hahn Yelena Corporation, UGI Utilities, Inc. and the Borough of Birdsboro. On February 8, 2001, the debtor filed a Chapter 7 Bankruptcy Petition. On February 12, 2001, the debtor removed the personal injury lawsuit to the Bankruptcy Court pursuant to 28 U.S.C. § 1452(a). On February 15, 2001, the Bankruptcy Court issued a show cause order *sua sponte* why this action should not be remanded back to the Court of

**534**

Common Pleas of Philadelphia County. Following a hearing, the bankruptcy court entered an order on March 5, 2001 remanding this action to the Court of Common Pleas of Philadelphia County, finding, *inter alia*, that it was "doubtful" that the debtor had standing to remove the matter in the first place. The debtor appeals from that order.

■ Our review of the bankruptcy court's legal conclusions is *de novo. In re Continental Airlines*, 203 F.3d 203, 208 (3d Cir.2000).

Under Title 11 of the Bankruptcy Code, the filing of a voluntary petition in bankruptcy court commences a bankruptcy proceeding and creates an estate. 11 U.S.C. § 541(a). Our Court of Appeals has noted the "broad sweep" of § 541 and the fact that the section expressly includes "causes of action" as property interests included in the estate. *Integrated Solutions v. Service Support*, 124 F.3d 487, 491 (3d Cir. 1997). Indeed, the legislative history for § 541 specifies that property of the estate "includes all kinds of property, including tangible or intangible property, *causes of action* ... and all other forms of property currently specified in section 70a of the Bankruptcy Act." H.R.Rep. No. 95–595, at 367 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323 (emphasis added).

■ In the case *sub judice*, the debtor filed a voluntary petition in bankruptcy under Chapter 7 on February 8, 2001. At that time, an interim chapter 7 trustee was appointed. Once the debtor filed his petition, the debtor's interest in the personal injury litigation became the property of the bankruptcy estate and the trustee succeeded to the debtor's interest in the pending pre-petition personal injury litigation. *See* 11 U.S.C. § 541(a); *Martin v. Monumental Life Insurance Co.*, 240 F.3d 223, 232 (3d Cir.2001); In re *O'Dowd*, 233 F.3d 197, 202 (3d Cir.2000). As a result, the interim trustee and not the debtor hold the interest in the pending pre-petition litigation and only the interim trustee may remove the pre-petition litigation to the bankruptcy court. Since the debtor lacked standing to remove the pre-petition personal injury action to the bankruptcy court, the bankruptcy court properly remanded the action to the state court pursuant to 28 U.S.C. § 1452(b).

### ORDER

The Order of the Bankruptcy Court of March 5, 2001 is AFFIRMED.

The Clerk is DIRECTED to mark this case closed.

IT IS SO ORDERED.